Midgley Law Associates
P.O. Box 2577
Attleboro Falls, MA 02763
Telephone: 508-261-9010
Facsimile: 508-339-0222
Email: midgleylaw@verizon.net

Attorney for PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONA K. MENUTOLE,<br>　　Plaintiff,<br>v.<br><br>BANK OF AMERICA CORPORATION<br>TRANS UNION, LLC,<br>EQUIFAX INFORMATION SERVICES, LLC and<br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>JOHN DOE<br>And JOHN DOE CORPORATION<br>　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1. This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, and other Federal statutes referred to herein and Massachusetts General Law Chapter 93A. The court has jurisdiction pursuant to 15 U.S.C. §1681p, 28 U.S.C. §1332 and 28 U.S.C. §1367(a).

2. Dona K. Menutole (hereinafter referred to as "Plaintiff") is a consumer defined by the Fair Credit Reporting Act hereinafter ("FCRA"), 15 U.S.C. §1681a(c) and a resident of Millis, Massachusetts.

3. Defendant, Bank of America Corporation, hereinafter Bank of America, is a business entity formed under the laws of a state other than Massachusetts and has its principal place of business outside of Massachusetts. Bank of America furnishes information to consumer reporting agencies and is therefore under the obligations imposed on furnishers by the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 and other federal statutes referred to herein. John Doe and John Doe Corporation are unknown individual(s) and/or corporation(s), debt collector or collectors retained by Bank of America.

4. Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") are consumer reporting agencies as defined by FCRA, 15 U.S.C. §1681a(f).

5. Defendants Trans Union, Equifax and Experian have prepared and issued consumer credit reports concerning plaintiff which have included and continue to include information concerning a fraudulent account.

6. Plaintiff is the victim of identify theft. Plaintiff's brother improperly and without authorization opened an account for a line of credit from Bank of America, and then without authorization incurred charges on the line of credit in the approximate amount of $25,000.00.

7. In or about May 2008, Plaintiff learned of her brother's actions when she reviewed her credit report. Plaintiff attempted to resolve the matter with her brother. Her brother has failed to make any payments on the Bank of America loan he obtained, despite repeated promises to pay.

8. Upon learning of the fraudulent Bank of America account, Plaintiff notified Bank of America, thereof.

9. Also, Plaintiff promptly notified, in August 2008, the local police, and the Attorney General of Massachusetts. Later, the Better Business Bureau on September 3, 2008, ICC on August 30, 2008, the Federal Trade Commission on September 3, 2008 and again the consumer reporting agencies- Equifax, Trans Union and Experian-that her identity had been stolen and that someone was using Plaintiff's personal information to open fraudulent accounts.

**Facts Relating to Experian**

10. Plaintiff obtained copies of her credit file from Experian on May 11, 2008 and repeatedly thereafter. The copies of Plaintiff's credit file which Experian sent to Plaintiff on those occasions included the fraudulent Bank of America account.

11. Plaintiff promptly disputed the fraudulent Bank of America account with Experian.

12. In response to Plaintiff's dispute letter, Experian notified Plaintiff that Bank of America confirmed the validity of the account and the account would remain on her credit report.

**Facts Relating to Trans Union**

13. In May 2008 after she had learned of the fraudulent Bank of America account, Plaintiff obtained a copy of her credit report from Trans Union.

14. The Trans Union credit report on Plaintiff included the fraudulent Bank of America account.

15. Plaintiff promptly notified Trans Union that she disputed the Bank of America account in its credit file on her.

16. Trans Union informed Plaintiff that it had completed its investigation of the improper Bank of America account. Even though Plaintiff had submitted evidence showing the Bank of America account to be fraudulent, Trans Union refused to do anything.

17. Instead of deleting the improper account from Plaintiff's credit file, Trans Union responded with a nonresponsive form letter.

**Facts Relating to Equifax**

18. Plaintiff checked her credit report with Equifax in May 2008 and noted that it was reporting an erroneous address as a former address of Plaintiff's. Plaintiff disputed that information, Equifax investigated the dispute, agreed with Plaintiff and deleted the erroneous former address from her credit report.

19. Plaintiff also notified Equifax that she disputed the Bank of America account. She told Equifax that said account was not hers but the Bank of America account was not removed.

20. Equifax's only response to Plaintiff that with respect to Bank of America account was to tell Plaintiff to contact Bank of America if she had additional questions about that account.

**Facts Relating to Bank of America**

21. In May 2008, Plaintiff learned from an Equifax credit report that Bank of America was reporting the fraudulent account to Equifax as an obligation Plaintiff owed to that entity.

22. In May 2008, Plaintiff received responses from Bank of America acknowledging her claim that the account was fraudulent and stating they will have the loan reviewed.

23. Upon learning that Equifax's credit file on Plaintiff included information about a fraudulent account with Bank of America and the fraudulent address, Plaintiff disputed the erroneous information in a written notification to Equifax and included a copy of the reports filed.

24. In accordance with federal law, Equifax was supposed to forward that dispute and all relevant information ,including the reports filed with Bank of America but failed to do so.

25. Additionally, Plaintiff sent letter dated September 2008 to Bank of America at the address shown for that organization on the Equifax credit report. In these letters, Plaintiff notified that entity that she was the victim of identity theft and that the account Bank of

America had opened in her name was not hers.  Plaintiff enclosed a valid copy of the report concerning the theft of her identity.

26. Bank of America failed to diligently investigate Plaintiff's notification of this identity theft.

27. Bank of America continued to pursue its claims against Plaintiff based on the fraudulent account after it was presented with facts showing that Plaintiff is the victim of identity theft and that she is not liable on the fraudulent account.
    a. Bank of America sent repeatededly to Plaintiff bills demanding payments on the fraudulent account.
    b. Bank of America has retained a collection agency to constantly call Plaintiff in violation of the Fair Debt Collection Act and M.G.L. Section 93A(9).  In January 2009, Plaintiff received a letter on behalf of Bank of America demanding payment on the account and offering to settle it for a discount.
    c. Bank of America has continued its efforts to collect on this account by falsely reporting it to all credit bureaus as an account that was owed to Bank of America by Plaintiff and retaining John Doe and/or John Doe Corporation as debt collectors.

## FIRST CLAIM FOR RELIEF

(Negligent Compliance with FCRA- Against Trans Union, Equifax and Experian)

28. Plaintiff hereby realleges and incorporates paragraphs 1 through 27.

29. Against Trans Union, Equifax and Experian negligently failed to comply with the requirements of FCRA by:

    (a) failing to comply with the requirements in 15 U.S.C. §1681i;
    (b) failing to comply with the requirements in 15 U.S.C. §1681b(a); and
    (c) failing to comply with the requirements in 15 U.S.C. §1681g.

Plaintiff currently is unaware of all the facts of this case and may learn through discovery of other violations of the FCRA by these Defendants.  Plaintiff reserves the right to amend this complaint to add other such violations as violations become known.

30. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages including lost opportunity to receive credit, increased cost for credit, damage to reputation, invasion of privacy and emotional distress for which she seeks damages in the amount to be determined by the jury.

31. Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681o(a).

## SECOND CLAIM FOR RELIEF

(Willful Noncompliance with FCRA-Against Trans Union, Equifax and Experian)

32. Plaintiff hereby realleges and incorporates paragraphs 1 through 31.

33. Against Trans Union ,Equifax and Experian willfully failed to comply with the requirements of FCRA by:

> (a) failing to comply with the requirements in 15 U.S.C. §1681i;
> (b) failing to comply with the requirements in 15 U.S.C. §1681b(a); and
> (c) failing to comply with the requirements in 15 U.S.C. §1681g.

Plaintiff currently is unaware of all the facts of this case and may learn through discovery of other violations of the FCRA by these Defendants. Plaintiff reserves the right to amend this complaint to add other such violations as other violations become known.

34. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages including lost opportunity to receive credit, increased cost for credit, damage to reputation, invasion of privacy and emotional distress for which she seeks damages in the amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

35. Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681n(a).

## THIRD CLAIM FOR RELIEF

(Negligent Noncompliance with FCRA-Bank of America)

36. Plaintiff hereby realleges and incorporates paragraphs 1 through 35.

37. Bank of America received notice of Plaintiff's dispute from Plaintiff and from the consumer reporting agencies and negligently failed to comply with the requirements of 15 U.S.C. §1681s-2(b).

38. As a result of Bank of America's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including lost opportunity to receive credit, increased cost for credit, damage to her reputation and emotional distress for which she seeks damages in an amount to be determined by the jury.

39. Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681o(a).

## FOURTH CLAIM FOR RELIEF

(Willful Noncompliance with FCRA-Bank of America)

40. Plaintiff hereby realleges and incorporates paragraphs 1 through 39.

41. Bank of America received notice of Plaintiff's dispute from Plaintiff and from the consumer reporting agencies and willfully failed to comply with the requirements of 15 U.S.C. §1681s-2(b).

42. As a result of Bank of America's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including lost opportunity to receive credit, one credit card account being cancelled further lowering Plaintiff's credit score, denial of Plaintiff's mortgage applications, increased cost for credit, damage to reputation and emotional distress for which she seeks damages in an amount to be determined by the jury.

43. Plaintiff request attorney fees pursuant to 15 U.S.C. §1681o(a).

## FIFTH CLAIM FOR RELIEF AGAINST BANK OF AMERICA

(Violation of Massachusetts General Law Chapter 93A)

44. Plaintiff hereby realleges and incorporates paragraphs 1-43.

45. At all relevant times hereto the Defendant, Bank of America, was engaged in trade or commerce.

46. Upon information and belief, Defendant knew or should have known that its representations of nonpayment would adversely affect Plaintiff's credit score, her ability to obtain other loans and her insurance costs and possibly cause employment problems.

47. The actions of the Defendant were performed willfully and knowingly.

48. More than 30 days prior to filing this action, Plaintiff provided written notice to Bank of America that a situation of identity theft exists. Attached hereto as Exhibit A.

49. Plaintiff sent this written notice to Bank of America at the address designated by it for complaints related to credit reporting issues, twice.

50. In the written notice Plaintiff gave to Bank of America, Plaintiff explained the basis for her belief that a situation of identity theft exists and she included the name of the detective at the Millis Police Department.

51. Bank of America failed to diligently investigate Plaintiff's notification of identity theft.

52. Bank of America continued to report to all credit bureaus and pursue its claim against Plaintiff after Bank of America was presented with facts that showed Plaintiff was the victim of identity theft.

53. The actions of the Defendant constitute unfair and deceptive trade practices a violation of 93A, section 9.

### SIXTH CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION

(Violation of Fair Credit Reporting Act)

54. Plaintiff hereby realleges and incorporates paragraphs 1 through 53.

55. Equifax et al. violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file it published and maintains concerning the Plaintiff.

56. As a result of this conduct, action and inaction of Equifax et al., the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

57. Defendant's et al. conduct and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

58. The Plaintiff is entitled to recover costs and attorney's fees from Equifax et al. in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### SEVENTH CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN AND TRANS UNION

(Violation of Fair Credit Reporting Act)

59. Plaintiff hereby realleges and incorporates paragraphs 1 through 58.

60. Equifax et al. violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such

inaccuracies; by failing to conduct lawful reinvestigation; by failing to forward all relevant information to Bank of America; by failing to maintain reasonable procedures with which to file and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

61. As a result of this conduct, action and inaction of Equifax et al., the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

62. Defendant's conduct and inaction was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

63. The Plaintiff is entitled to recover costs and attorney's fees from Equifax et al in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## EIGHTH CLAIM FOR RELIEF

### (Defamation Against Bank Of America

64. Plaintiff hereby realleges and incorporates paragraphs 1 through 63.

65. Bank of America published the misrepresentations to all credit bureaus, including but not limited to the Bank of America communicated to Equifax , Trans Union, and Experian.

66. The Defamation was willful and with malice. Bank of America did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Bank of America representations. It also had substantial evidence it could have used to verify that the Plaintiff was not the person who had applied and contracted for the credit. Bank of America willfully determined to follow procedures which do not review, confirm or verify the identity of the person to whom it lent money. Further even if Bank of America was not originally aware of the fraud, Bank of America had all of the evidence and information with which to confirm and recognize the Plaintiff had never signed its credit application and was not obligated to Bank of America after the events previously alleged in this complaint.

67. As a result of this conduct, action and inaction of Bank of America, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

68. The Defamation, conduct and actions of Bank of America were willful, deliberate, intentional and/or with reckless disregard for the interest and rights of Plaintiff such as to justify an award of punitive damages against Bank of America in an amount to be determined by the Court.

## NINTH CLAIM FOR RELIEF AGAINST BANK OF AMERICA

(Willful Violation of Federal Fair Credit Billing Act)

69. Plaintiff hereby realleges and incorporates paragraphs 1 through 68.

70. Bank of America violated the Federal Fair Credit Billing Act, 15 U.S.C. §1666 ("FCBA") by its refusal and failure to respond to Plaintiff's written dispute letter mailed by her attorney within sixty (60) days of receipt of Exhibit "A" and for its failure to conduct a lawful investigation of Plaintiff's dispute.

71. As a result of Bank of America's violation of the FCBA, Bank of America is liable to Plaintiff for actual or statutory damages, for her attorneys fees and cost pursuant to 15 U.S.C. §1640.

## TENTH CLAIM AGAINST BANK OF AMERICA, JOHN DOE AND JOHN DOE CORPORATION

(Violation of Fair Debt Collection Act)

72. Plaintiff hereby realleges and incorporates paragraphs 1 through 71.

73. This is a count for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

74. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

75. Upon information and belief, Defendant, John Doe or John Doe Corporation are, an unknown debt collector, is a natural person or corporate entity retained by Defendant, Bank of America, or an agent of Bank of America.

76. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1695a(6).

77. Plaintiff had requested that the Defendants cease communication with her and contact her attorney as the debt is disputed.

78. Defendants violated the FDCPA, Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. §1692c(b) by contacting a third party, the Plaintiff's mother without the Plaintiff's prior consent.
    (b) The Defendants violated 15 U.S.C. §16953(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants.
    (c) The Defendants violated 15 U.S.C. § 1692c (c) by contacting the Plaintiff after the Plaintiff had requested the Defendants cease communication with the Plaintiff.
    (d) Defendants violated the Act by repeatedly calling Plaintiff and Plaintiff's mother in a manner mean to harass and intimidate them.
    (e) Failing to identify themselves as debt collectors for Bank of America.

## ELEVENTH CLAIM AGAINST BANK OF AMERICA, JOHN DOE AND JOHN DOE CORPORATION

(Violation of Massachusetts General Law 93A(9) )

79. Plaintiff hereby realleges and incorporates paragraphs 1 through 78.

80. Defendants violated the Massachusetts General Law Chapter 93A. Defendants' violations of the state Act include, but are not limited to, the following:

    (a) The Defendants contacted a third party, the Plaintiff's mother without authorization.
    (b) The Defendants misrepresented the imminence of legal action by Defendants.
    (c) The Defendants contacted the Plaintiff after the Plaintiff had requested the Defendants cease communication with the Plaintiff.
    (d) The Defendants repeatedly called the Plaintiff and the Plaintiff's mother's home, in a manner meant to intimidate and harass.
    (e) Failing to identify themselves as debt collectors for Bank of America.
    (f) The Defendants engaged in the business of collecting debts and by attempting to collect an alleged debt form Plaintiff without a valid license.

81. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

82. As a result of the above violations of the Massachusetts Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual; damages, statutory damages, and attorney fees and costs.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

On the First Claim for Relief
Against Trans Union, Equifax and Experian

1. Actual Damages (for purposes of a default judgment, Plaintiff demands in $50,000.00 damages);

2. Attorney fees; and

3. Costs and expenses incurred in the action.

On the Second Claim for Relief
Against Trans Union, Equifax and Experian

1. Actual Damages (for purposes of a default judgment, Plaintiff demands $50,000.00 in actual damages);

2. Punitive Damages (for purposes of a default judgment, Plaintiff demands $25,000.00 in punitive damages);

3. Attorney fees; and

4. Costs and expenses incurred in the action.

On the Third Claim for Relief
Against Bank of America

1. Actual Damages (for purposes of a default judgment, Plaintiff demands $50,000.00 in actual damages);

2. Attorney fees; and

3. Costs and expenses incurred in the action.

On the Fourth Claim for Relief
Against Bank of America

1. Actual Damages (for purposes of a default judgment, Plaintiff demands $50,000.00 in actual damages);

2. Punitive Damages (for purposes of a default judgment, Plaintiff demands $25,000.00 in punitive damages against the defendant);

3. Attorney fees; and

4. Costs and expenses incurred in the action.

On the Fifth Claim for Relief<br>Against Bank of America

1. A declaration that Plaintiff is not obligated to Bank of America on the account that they have asserted against her.

2. An injunction restraining Bank of America from collecting or attempting to collect from Plaintiff on the account they have asserted against her.

3. Actual damages (for purposes of a default judgment, Plaintiff demands damages of $50,000.00);

4. Attorney fees;

5. Costs and expenses incurred in the action; and

6. Any other equitable relief that the Court deems appropriate.

On the Sixth Claim for Relief<br>Against  Equifax et al

1. Actual damages (for purposes of a default judgment, Plaintiff demands $50,000.00 in actual damages);

2. A   civil penalty against each of these Defendants;

3. Attorney fees;

4. Costs and expenses incurred in the action; and

5. Any other equitable relief that the Court deems appropriate.

On the Seventh Claim for Relief<br>Against  Equifax et al

1. Actual damages (for purposes of a default judgment, Plaintiff demands $50,000.00 in actual damages);

2. A civil penalty against each of these Defendants;

3. Attorney fees;

4. Costs and expenses incurred in the action; and

5. Any other equitable relief that the Court deems appropriate.

On the Eighth Claim for Relief<br>Against Bank of America

1. Actual damages (for purposes of a default judgment, Plaintiff demands $50,000.00 in actual damages);

2. A civil penalty against this Defendant;

3. Attorney fees;

4. Costs and expenses incurred in the action; and

5. Any other equitable relief that the Court deems appropriate.

On the Ninth Claim for Relief<br>Against Bank of America

1. Actual damages (for purposes of a default judgment, Plaintiff demands $50,000.00 in actual damages);

2. A civil penalty against this Defendant;

3. Attorney fees;

4. Costs and expenses incurred in the action; and

5. Any other equitable relief that the Court deems appropriate.

On the Tenth Claim for Relief<br>Against Bank of America, John Doe and John Doe Corporation

1. A declaration that Defendant, Bank of America et al, violated the Fair Debt Collection Act.

2. An injunction restraining Defendant, Bank of America et al, from continuing its abusive collection practices against the Plaintiff.

3. Actual damages (for purposes of a default judgment, Plaintiff demands $50,000.00 in actual damages);

4. A civil penalty against these Defendants;

5. Attorney fees;

6. Costs and expenses incurred in the action; and

7. Any other equitable relief that the Court deems appropriate.

On the Eleventh Claim for Relief
Against Bank of America, John Doe and John Doe Corporation

1. Actual damages (for purposes of a default judgment, Plaintiff demands $50,000.00 in actual damages);

2. Statutory damages pursuant to M.G.L. Chapter 93A(9);

3. Attorney fees;

4. Costs and expenses incurred in the action; and

5. Any other equitable relief that the Court deems appropriate.

Dated: 10-22-09

Respectfully Submitted,
Dona K. Menutole,
By her attorney,

Stephen K. Midgley
P.O. Box 2577
Attleboro Falls, MA 02763
Telephone: 508-226-3700
Facsimile: 508-339-0222
BBO No.: 549701

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues.

Dated: 10-27-09

Respectfully Submitted,
Dona K. Menutole,
By her attorney,

Stephen K. Midgley
P.O. Box 2577
Attleboro Falls, MA 02763
Telephone: 508-226-3700
Facsimile: 508-339-0222
BBO No.: 549701